**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **DONAL BRYAN VAZQUEZ MARROQUIN** | **CIVIL ACTION NO. 3:26-CV-2444** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE ROBERT R. SUMMERHAYS** |
| **TAE D. JOHNSON, ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Petitioner Donal Bryan Vazquez Marroquin,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [Doc. 9]. For reasons below, the Court should deny the petition.

## Background

Petitioner is a citizen of Guatemala. He "entered the United States approximately four years ago seeking protection from persecution" in Guatemala. [Doc. 1-2, p. 2]. DHS released Petitioner on recognizance in April 2022. [Doc. 1, p. 6]. He "complied with every condition of [his] release[.]" [*Id.*] He appeared for hearings, maintained steady employment, established ties within his community, and "never attempted to evade immigration authorities." [*Id.*] He has never been convicted of any crime. [*Id.*]

---

[1] Petitioner's "A Number" is 240-666-884.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

On April 17, 2025, an immigration judge ordered Petitioner removed to Guatemala. [Doc. 9-2, p. 5]. Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"), and the appeal is pending. The BIA received Petitioner's brief on July 27, 2026.

ICE re-detained Petitioner on December 2, 2025. [Doc. 1, p. 4]. Petitioner filed this proceeding on July 10, 2026. [Doc. 1]. He claims that the Government is violating his right to due process, arguing that his continued detention no longer serves its regulatory purpose. [*Id.* at 6.] He states that he remains detained because he exercised his "lawful right to appeal the Immigration Judge's decision to the Board of Immigration Appeals." [Doc. 1-2, p. 1]. He points out that ICE previously determined that he "could safely remain in the community when it released [him] on" recognizance. [*Id.* at 5.]

Respondents opposed the petition on August 25, 2026. [Doc. # 9].

**Law and Analysis**

In *Ford v. Ducote, et al.*, 2020 WL 8642257 (W.D. La. Nov. 2, 2020), the district judge opined in pertinent part:

> In *Department of Homeland Security v. Thuraissigiam*, 140 S. Ct. 1959 (2020), a Sri Lankan national was stopped 25 yards after crossing the southern border of the United States. He was detained for expedited removal. An asylum officer rejected his credible fear claim. Thuraissigiam then filed a federal habeas corpus petition in which he, for the first time, asserted a fear of persecution and requested a new opportunity to apply for asylum. In reversing the appellate court, the Supreme Court found the detention did not violate the Due Process Clause. Although not a case of unreasonable detention, the case is important as to Due Process rights for illegal aliens. Citing *Nishimare Ekin v. United States*, 142 U.S. 651, 660 (1892), the Court held that with regard to foreigners who have never been naturalized or acquired any domicile or residence in the United States, "'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.'" 140 S. Ct. at 1977.
>
> In *Demore v. Kim*, 538 U.S. 510 (2003), Kim had entered the United States lawfully and had resided in this country for over 10 years before committing a crime, which made him deportable. Like Ford, Kim argued his mandatory detention violated due process when no determination had been made whether he posed a danger to society or a flight risk. Also, like Ford, Kim

> asked for an individualized bond hearing which was not authorized under the statute. Both the District Court and the Court of Appeals for the Ninth Circuit found the detention without a bond hearing violated Kim's due process rights. In reversing the District Court and Ninth Circuit, the Supreme Court held detention during these proceedings did not violate Kim's due process rights.
>
> Also, like Ford, Kim relied on the case of *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, two aliens were held pending removal after final order of deportation. However, no country would take them, so their detention continued for years beyond the 90–day removal period of 8 U.S.C. §1231(a). The Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is not authorized by the statute." *Id.* at 699. The Supreme Court concluded that six months was a presumptively reasonable period of detention, beyond the removal period, to remove aliens ordered deported. *Id.* at 702.
>
> The *Kim* Court held that *Zadvydas* was materially different because the detention of the aliens in *Zadvydas* was "indefinite" and "potentially permanent." Therefore, the correct standard to apply is to determine whether Ford's detention is "indefinite" or "potentially permanent."
>
> Ford's detention is not "indefinite" or "potentially permanent." Ford's detention ends when the removal proceedings end. Ford's focus on "unreasonable detention" is incorrect. As long as Ford's detention is not "indefinite" nor "potentially permanent," Ford's due process rights are not violated. *See also Jennings v. Rodriguez*, 138 S.Ct. 830 (2018).

2020 WL 8642257 at *2-3.

Here, Petitioner is not constitutionally entitled to a bond hearing. *See Demore v. Kim*, 538 U.S. 510, 531, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").[3] As in *Ford*, Petitioner's detention is not indefinite or potentially permanent. On April 17, 2025, an immigration judge ordered Petitioner removed to Guatemala. Petitioner appealed the removal order to the BIA; his appeal is pending. The BIA received Petitioner's brief on July 27, 2026.

[3] *See also Romero v. Tate*, 2026 WL 1067566, at *1 (S.D. Tex. Apr. 20, 2026); *Bekboev v. Vergara,* 2026 WL 1011244, at *1 (S.D. Miss. Apr. 14, 2026); *Mlaih v. Noem*, 2026 WL 787536, at *4 (N.D. Tex. Mar. 19, 2026).

Petitioner's appeal is extending his detention. His detention will likely end (i) when his order of removal becomes final (if the BIA affirms the order of removal or dismisses Petitioner's appeal) and the Government removes him or (ii) if the BIA rules in Petitioner's favor. Accordingly, the Court should deny Petitioner's claim. Petitioner may re-file his claim if his detention becomes indefinite or potentially permanent.

**Recommendation**

For reasons above, **IT IS RECOMMENDED** that Petitioner Donal Bryan Vazquez Marroquin's petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

In Chambers, Lafayette, Louisiana, this 15th day of September, 2026.

David J. Ayo
United States Magistrate Judge